*IFP Request*

1  RODNEY HOLMES
   4456 Avenida De Las Flores
2  Yorba Linda, CA 92886

3                        UNITED STATES DISTRICT COURT

4
                  FOR THE CENTRAL DISTRICT OF CALIFORNIA
5

6
   JUN-NAM,LLC                          Case No.: [Number]
7
                   Plaintiff,           SACV 18-01578 DOC (JDE)
8
   vs.                                  NOTICE OF REMOVAL UNDER 28 U.S.C.,
9                                       SECTION 1441 (PER INAPPL. RE: L.R. 7-15)
   RODNEY HOLMES, MARY ZANKI AND DOES 1TO
10 10

11                 Defendant

12

13

14         To the clerk of the United States District Court for the Central District of California. Please take

15 notice the Defendant, RODNEY HOLMES, hereby removes to this Court the State Court action described below.

16         Defendant ~~Calvin Armstrong~~ *Rodney Holmes* gives notice that this action is removed to the United States District

17 Court for the Central District of California from Superior Court, 1275 Berkeley Avenue Fullerton, CA, 92838.

18         Pursuant to 28. U.S.C. section 1441, Defendant further states as follows:

19         That defendant is named as the defendant in a civil action filed in the Superior Court, 1275

20 Berkeley Avenue Fullerton, CA, 92838.

21         Titled " JUN-NAM,LLC VS RODNEY HOLMES, MARY ZANKI.

22

23

24

25

26

27

28

                                          - 1-

1    Said case is Case No.30-201801005162—CL-UD-NJC

2

3    The above referenced action was commenced by Plaintiff when Plaintiff filed a Summons and

4    Complaint in the aforementioned court, case #30-2018-01005162 entitled JUN-NAM,LLC vs RODNEY HOLMES

5    and MARY ZANKI Defendant was served with Summons and Complaint in July 2018. Defendant has filed

6    pleadings in State Court which is an Answer to Complaint to Unlawful Detainer as deemed necessary. The following

7    activity of said case is attached hereto and incorporated herein by reference:

8    Exhibit A:

9    Unlawful Detainer filed July, 24, 2018,

10    The above mentioned is a civil action of which this court has jurisdiction under 28 U.S.C., section

11    1443 (1): Denial of due process in Unlawful Detainer- Eviction after foreclosure, in that the rules of evidence and

12    civil procedure is applied without equal protection. The amount in controversy includes up to, but is not limited to,

13    an actuary exceeding $75,000, if so determined by plaintiff.

14

15

16    Therefore this is  action over which this court has original jurisdiction and the action is removable

17    to this court pursuant to 28 U.S.C., section 1441 (a) and 1446. Further, Local Rule 7-15 permits a related filing of

18    this case, in the eventually that any such prior case related to this matter is not, or could be, subject to the judicially

19    jurisdictional procedures which may include, but are not limited to, actions regarding remand or re-assignment to

20    any other federal or state court(s); To wit: "The basic rule is, when relief sought is injunctive or equitable, the

21    amount in controversy is the value of the interest that the literation is intended to protect. Hunt v. Washington State

22    Apple Advert. Comm. 432 U.S. 333, 347-348 (1997). The Sixth Circuit tends to take an expansive view of the

23

24

25

26

27

28

1    Amounts in controversy in cases of injunctive relief. Pennsylvania R. Co. v. Girad, 210 F.2d

2    437,439 (6th Cir. 1954); Wisconsin Elec, Co. v. Dunmore Co., 35 F.2d 555,556 (6th Cir. 1929).

3    The judicial Code expressly allows the removal of either an "action" or a "proceeding' 28.U.S.C.

4    1446, and there a number of cases where courts have allowed the removal of state proceedings that seek to obtain

5    information to be used in a lawsuit. In re Texas, 110 F. Supp.2d 514, 528-530 (E.D. Tex.2000); Christian, Klein &

6    Cogburn v. NASD, 970 F. Supp. 276,278 (SDNY. 1997); HMB Acquisition Corp. v Cohen, 143 F.R.D. 50,52

7    (S.D.N.Y.1992); see also Agosto v. Barcelo, 594 F.-4-Supp. 1390. 1392-1393 (D.P.R.), mandamus granted on other

8    grounds, 748 F.2d 1 (1st Cir. 1984) ( effort to enforce legislative subpoena deemed "civil actions" within meaning of

9    removal statues). In each of these pre-litigation petition cases, the courts held that removeability depend on the

10    character of the underlying claim that the petition sought to enable. Thus, in Christian Klein & Cogburn v. NASD,

11    970 F. Supp. 276, 278 (S.D. N.Y. 1997), the court held that a pre-litigation petition for discovery sought in order to

12    frame a complaint under the federal securities laws, in addition to various state law theories, was a claim under

13    federal court.

14    Similarly, in HMB Acquisition v. Cohen, 143 F.R.D. 50,52 (S.D.N.Y. 1992), the court held a pre-

15    litigation discovery proceeding arose under the RICO statute where the stated purpose of the discovery was to

16    identify individuals who had allegedly conspired to violate the plaintiff's rights. Most recently, in In re Texas, 110 F.

17    Supp.2d 54,528-53- (E.D. Tex. 2000), the court held that a pre-litigation petition that raised questions about the

18    adequacy of the basis for a settlement concerning attorney fees in a federal court suit within the court's jurisdiction

19    under the All Writs Act because the information would be used for a purpose that could undermine the court's

20    judgement. In all of these cases, it was the litigation purpose for which the discovery was to be used that determined

21

22

23

24

25

26

27

28

1    Whether the potion was within the federal court's jurisdiction. Similarly here, where the purpose if

2    the petition for discovery is to enable JUN-NAM,LLC to sue RODNEY HOLMES for libel, the removability of the

3    petition depends on the character of the action RODNEY HOLMES is trying to facilitate, which, given the diversity

4    between the parties, depends on the amount in controversy in the proposed libel case.

5    Pursuant to the aforementioned, above, the facts of the case are as follows:

6    A. Plaintiff claims to be the owner of the real property that Defendant lives in as of the time of the

7    Unlawful Detainer case filing on 7/24/2018, per the subject property located at 4456 AVENIDA DE LAS

8    FLORES Yorba Linda, CA 92886 County of Orange, and seeks to evict Defendant form the real property.

9    However, no landlord/tenant relationships exists between Plaintiff and Defendant. Further,

10    plaintiff is claiming that possession to property referenced above was extinguished by a Writ of Possession;

11    however, plaintiff is not a bona fide purchaser, or a subsequent purchaser, to the property.

12    Where, Plaintiff, its attorney, and the Court are not proceeding in the manner required by the Code

13    of civil Procedure, and particularly the rules in evidence that state:

14    Viz., Code of Civil Procedure section 128.7 provides that when an attorney or party presents a

15    pleading, motion or similar paper to court, and implied "certification" as to its legal and factual merit is made, and is

16    subject to sanctions for violation of this certification.

17    Defendant was stonewalled when trying to bring this and other facts to the court's attention, as

18    plaintiff had moved and received a judgement against Defendant even while Defendant was in the process of setting

19    aside and/or vacation the judgement.

20

21    Plaintiff's counsel therefore had, in effect, used their knowledge of the aw to prevent Defendant

22    from fully and accurately presenting case.

23

24

25

26

27

28

1    Defendant was, therefore, denied her due process right ad equal protection under the 14th

2    Amendment to protect tenancy.

3    B. Further, the rules of evidence prohibit, under objection, evidence from being admitted without

4    authentication, and personal knowledge. Defendant's (Including the one subject of this removal) rights to equal

5    protection under law are non-existent in state court unlawful detainer actions.

6    Therefore, the actions of Counsel for Plaintiff, and the State Court deprives Defendant of due

7    process of law in that he has been dispossessed of his property in noncompliance with the express language go the

8    aforementioned referenced stature. The State Court could easily be backed by the appellate department there forcing

9    Defendant to continue to fight for her property from outside of her home.

10

11    WHEREFORE, Defendant prays that the above action now pending in the Superior Court, 1275

12    Berkeley Avenue Fullerton, CA 92838 hearing case No. 30-2018-01005162, to be removed to this court.

13

14

15    Dated:9/5/2018

16

17    _____

18    RODNEY HOLMES

19

20

21

22

23

24    _____

        [Attorney Name]

25

26

27

28

- 5-

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:<br>Young Shin<br>4956 Revlon Drive LaCanada CA 91011<br><br>Telephone No.: 213-215-4112          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*: Jun-Nam LLC          Bar No: 256385 | ELECTRONICALLY RECEIVED<br>Superior Court of California,<br>County of Orange<br>07/23/2018 at 05:07:24 PM<br>Clerk of the Superior Court<br>By Saundra Flores, Deputy Clerk | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>NORTH JUSTICE CENTER<br><br>JUL 2 4 2018<br><br>DAVID H. YAMASAKI, Clerk of the Court<br><br>BY: M. SUCHY, DEPUTY |
|---|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☑ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500 | | |
| PLAINTIFF:    Jun-Nam LLC<br><br>DEFENDANT: Rodney Holmes, Mary K. Zanki and Does 1-10 | | CASE NUMBER:<br>30-2018-01005162-CL-UD-NJC |
| **APPLICATION AND ORDER TO SERVE SUMMONS BY POSTING**<br>**(Unlawful Detainer)** | | Case assigned to:<br>Judge:<br>Department:<br>Date complaint filed:<br>Hearing/trial date: |

1.    I am the ☑ plaintiff  ☑ plaintiff's attorney.

2.    I apply for an order pursuant Section 415.45 of the Code of Civil Procedure to permit service by posting of the summons and complaint on defendant(s) *(specify names)*: Rodney Holmes and Mary K. Zanki

3.    The complaint seeks possession of property located at: 4456 Avenida De Las Flores, Yorba Linda CA 92886

County of Orange. The property is ☑ residential  ☐ commercial.

4.    The notice to quit or to pay rent was served by:  ☐ personal service  ☐ substituted service  ☑ posting and mailing  ☐ other *(specify)*: _____

5.    Attempts to serve in a manner specified in Section 415.10 et seq. of the Code of Civil Procedure were made (other than posting and publication). The attempts were made as follows:

| DATE | TIME | REASON SERVICE COULD NOT BE MADE/REMARKS |
|---|---|---|
| | | |

See Attachment

☑ Declaration of process server stating attempts to locate and serve the defendant(s) is attached.

6.    Service ☐ has ☑ has not  been attempted during regular business hours at the place(s) of employment of the defendant(s). If not, state reason:  ☑ Defendant's place of employment is unknown.

☐ Other *(specify)*: _____

7.    Did the plaintiff pay for help from a registered unlawful detainer assistant (Bus. And Prof. Code § § 6400-6415)

who helped prepare this form?  ☐ Yes  ☒ No.    If yes, complete the following information:
Name of Unlawful Detainer Assistant: _____

Address: _____

Telephone Number: _____

Registration Number: _____

County of Registration: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 23, 2018

Young Shin
(TYPE OR PRINT NAME)

(SIGNATURE OF APPLICANT OR ATTORNEY)

## FINDINGS AND ORDER

THE COURT FINDS:

1. The defendant(s) named in the application cannot with reasonable diligence be served in any manner specified in Section 415.10 et seq. of the Code of Civil Procedure, other than posting or publication.

2. (a) A cause of action exists against the defendant(s) named in the application; or (b) the defendant(s) named in the application has or claims an interest in real property in California that is subject to the jurisdiction of the court; or (c) the relief demanded in the complaint consists wholly or partially in excluding the defendant(s) from any interest in the property.

THE COURT ORDERS:

The defendant(s) named in the application may be served by posting a copy of the summons and complaint on the premises in a manner most likely to give actual notice to the defendant(s), and by immediately mailing, by certified mail, a copy of the summons and complaint to the defendant(s) at his or her last known address.

Date: July 23, 2018

JUDICIAL OFFICER

CREIGHTON LAZ

**SUM-130**

# SUMMONS
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Rodney Holmes, Mary K. Zanki, and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jun-Nam LLC

|  |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/13/2018** at 10:24:52 AM<br>Clerk of the Superior Court<br>By Beverly Eschberger, Deputy Clerk |

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*

   | |
   |---|
   | 30-2018-01005162-CL-UD-NJC |

   Superior Court of California, County of Orange, North Justice Ctr 1275 North Berkeley Fullerton, CA 92838

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   Young Shin, 4956 Revlon Dr La Canada 91011, 213-215-4112

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)** [✓] **did not** [ ] **did** for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

   Date: 07/13/2018   DAVID H. YAMASAKI, Clerk of the Court       Clerk, by ___*B. Eschberger*___ , Deputy
   *(Fecha)*                                                       *(Secretario)* _____ *(Adjunto)*

                                                                    Beverly Eschberger

   *(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
   *(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

   [SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [✓] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)            [ ] other *(specify):*
5. [✓] by personal delivery on *(date):* 7-27-18

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456. 1167
www.courtinfo.ca.gov

**SUM-130**

| PLAINTIFF *(Name):* Jun-Nam LLC | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Rodney Holmes, Mary K. Zanki, and DOES 1-10 | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:


   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date):*

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Young Shin, SBN #256385<br>— 4956 Revlon Drive La Canada CA 91011<br><br>TELEPHONE NO.: 213-215-4112   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Jun-Nam LLC | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**07/13/2018** at 10:24:52 AM<br>Clerk of the Superior Court<br>By Beverly Eschberger,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange County**
STREET ADDRESS: **1275 North Berkeley**
MAILING ADDRESS:
CITY AND ZIP CODE: **Fullerton, CA 92838**
BRANCH NAME: **North Justice Center**

PLAINTIFF: **Jun-Nam LLC**

DEFENDANT: **Rodney Holmes and Mary K. Zanki**

[✓] DOES 1 TO 10

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [✓] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number):* _____ | 30-2018-01005162-CL-UD-NJC |

**Jurisdiction** *(check all that apply):*
[✓] ACTION IS A LIMITED CIVIL CASE
Amount demanded [✓]  does not exceed $10,000
               [ ]  exceeds $10,000 but does not exceed $25,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. PLAINTIFF *(name each):*
   Jun-Nam LLC

   alleges causes of action against DEFENDANT *(name each):*
   Rodney Holmes, Mary K. Zanki and DOES 1-10

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years.  (4) [✓] a partnership.
                  (2) [ ] a public agency.                          (5) [ ] a corporation.
                  (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   4456 Avenida De Las Flores, Yorba Linda CA 92886

4. Plaintiff's interest in the premises is  [✓] as owner  [ ] other *(specify):*
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date):* March 7, 2018        defendant *(name each):*
      Rodney Holmes and Mary K. Zanki

      (1) agreed to rent the premises as a [✓] month-to-month tenancy [ ] other tenancy *(specify):*
      (2) agreed to pay rent of $ 3,350.00       payable [✓] monthly [ ] other *(specify frequency):*
      (3) agreed to pay rent on the [✓] first of the month [ ] other day *(specify):*
   b. This [✓] written [ ] oral   agreement was made with
      (1) [ ] plaintiff.                    (3) [ ] plaintiff's predecessor in interest.
      (2) [✓] plaintiff's agent.           (4) [ ] other *(specify):*

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | **COMPLAINT—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166<br>*www.courtinfo.ca.gov* |

| PLAINTIFF *(Name):* Jun-Nam LLC | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name):* Rodney Holmes and Mary K. Zanki | |

6. c. ☑ The defendants not named in item 6a are

    (1) ☐ subtenants.

    (2) ☐ assignees.

    (3) ☑ other *(specify):* **other occupants**

  d. ☐ The agreement was later changed as follows *(specify):*

  e. ☑ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f. ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*

    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.

    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☑ a. Defendant *(name each):*

    Rodney Holmes, Mary K. Zanki, and DOES 1-10

    was served the following notice on the same date and in the same manner:

    (1) ☑ 3-day notice to pay rent or quit    (4) ☐ 3-day notice to perform covenants or quit

    (2) ☐ 30-day notice to quit    (5) ☐ 3-day notice to quit

    (3) ☐ 60-day notice to quit    (6) ☐ Other *(specify):*

  b. (1) On *(date):* July 11, 2018    the period stated in the notice expired at the end of the day.

    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. All facts stated in the notice are true.

  d. ☐ The notice included an election of forfeiture.

  e. ☑ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. ☑ The notice in item 7a was served on the defendant named in item 7a as follows:

    (1) ☐ by personally handing a copy to defendant on *(date):*

    (2) ☐ by leaving a copy with *(name or description):*

    a person of suitable age and discretion, on *(date):*    at defendant's
☐ residence ☐ business  AND mailing a copy to defendant at defendant's place of residence on *(date):*    because defendant cannot be found at defendant's residence or usual place of business.

    (3) ☑ by posting a copy on the premises on *(date):* July 6, 2018  ☑ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date):* July 6, 2018

        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR

        (b) ☑ because no person of suitable age or discretion can be found there.

    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*

    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. ☐ *(Name):*

    was served on behalf of all defendants who signed a joint written rental agreement.

  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. ☑ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev. July 1, 2005]      **COMPLAINT—UNLAWFUL DETAINER**      Page 2 of 3

| PLAINTIFF *(Name):* **Jun-Nam LLC** | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name):* **Rodney Holmes and Mary K. Zanki** | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☑ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ **3,350**

11. ☑ The fair rental value of the premises is $ **108**                   per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☑ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

    a. possession of the premises.

    b. costs incurred in this proceeding:

    c. ☑ past-due rent of $ **3,350**

    d. ☐ reasonable attorney fees.

    e. ☑ forfeiture of the agreement.

    f. ☐ damages at the rate stated in item 11 from *(date):*                   for each day that defendants remain in possession through entry of judgment.

    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.

    h. ☐ other *(specify):*

18. ☑ Number of pages attached *(specify):* **15**

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☑ did **not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a. Assistant's name:

    b. Street address, city, and zip code:

    c. Telephone No.:

    d. County of registration:

    e. Registration No.:

    f. Expires on *(date):*

Date: **July 12, 2018**

**Young Shin**
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF )

## VERIFICATION  ( C.C.P. 446 AND 2015.5)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing __Complaint for Unlawful Detainer, Jun-Nam LLC vs. Rodney Holmes, Mary K. Zanki, and DOES 1-10__ _____and know its contents.

### ☑ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☑ I am ☐ an officer ☐ a partner _____ ☑ a _member_ _____ of __Jun-Nam LLC__ _____,

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☑ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☑ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☐ I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on (date)_July 13, 2018_____, at _La Canada_____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__Young Shin_____          _____
Type or Print Name                                                    Signature

### PROOF OF SERVICE
CCP 1013a(3) Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of _____, State of California. I am over the age of 18 and not a party to the within action; my business address is _____ _____.

On (date)_____, **I served the foregoing document described as _____ _____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

   ☐ *I deposited such envelope in the mail at_____, California. The envelope was mailed with postage thereon fully prepaid.

   ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid at _____, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on (date)_____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____          _____
Type or Print Name                                             Signature

* (BY MAIL, SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)
**FOR PERSONAL SERVICE, SIGNATURE MUST BE THAT OF MESSENGER)

967 (R1/98)